**Opinion issued September 24, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00757-CR

———————————

**JEFFREY CURTIS JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from 426th District Court**
**Bell County, Texas[1]**
**Trial Court Cause No. 75505**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); Misc. Docket No. 17-9128 (Tex. Sept. 28, 2017). We are unaware of any conflict between the precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

**MEMORANDUM OPINION**

Appellant, Jeffrey Curtis Johnson, was found guilty after a jury trial of the capital-felony offense of capital murder.[2]  The trial court assessed appellant's punishment at life without the possibility of parole, which is the only possible sentence for this non-death penalty offense.[3]  The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority.  *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*,

---

[2]     *See* TEX. PENAL CODE ANN. §§ 12.31(a), 19.02(b)(1), 19.03(a)(2), (8), (b) (West 2011).

[3]     *See* TEX. PENAL CODE ANN. § 12.31(a)(2) (West 2013).

386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he sent appellant the form motion for pro se access to the records to prepare his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed a pro se response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for

discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[4]  *See* TEX. R. APP. P. 43.2(a).  Attorney Justin Bradford Smith must immediately send the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 826–27.